Electronically Filed
10/14/2021 11:14 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
LAWRENCE M. RUIZ, ESQ.
Nevada Bar No. 11451
NICKOLAS GIORGIONE, ESQ.
Nevada Bar No. 14370
**RUIZ LAW FIRM**
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
Phone: (702) 850.1717
Fax: (702) 850.1716
lawrence@lmruizlaw.com
nick@lmruizlaw.com
*Attorneys for Plaintiff*

CASE NO: A-21-842656-C
Department 17

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA ULLOA fka MARIA GOMEZ, individually;<br><br>Plaintiff,<br><br>vs.<br><br>CARDENAS MARKETS LLC dba CARDENAS, a foreign limited liability company; ELIAS PROPERTIES OF LAS VEGAS, LLC., a foreign limited liability company; SARTINI GAMING LLC, a domestic limited liability company; DOE MANAGER, individually; DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.: |

## <u>COMPLAINT</u>

Plaintiff, MARIA ULLOA fka MARIA GOMEZ, by and through her attorneys of record, LAWRENCE M. RUIZ, ESQ. and NICKOLAS GIORGIONE, ESQ. of the RUIZ LAW FIRM, and for her causes of action against the Defendants, and each of them, alleges as follows:

1.      At all times relevant to these proceedings, Plaintiff MARIA ULLOA fka MARIA

*RUIZ LAW FIRM*
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
702.850.1717 / 702.850.1716 (fax)

-1-

GOMEZ, ("Plaintiff" or "Maria"), is and was a resident of the County of Clark, State of Nevada.

2.      At all times relevant to these proceedings, Defendant CARDENAS MARKET LLC dba CARDENAS, ("Defendant" or "Cardenas"), is and was a foreign limited liability corporation authorized to do business in the County of Clark, State of Nevada.

3.      At all times relevant to these proceedings, Defendant ELIAS PROPERTIES OF LAS VEGAS, LLC,  ("Defendant" or "Elias "), is and was a domestic limited liability company licensed and authorized to do business in the County of Clark, State of Nevada.

4.      At all times relevant to these proceedings, Defendant SARTINI GAMING LLC, ("Defendant" or "Sartini"), is and was a domestic limited liability company licensed and authorized to do business in the County of Clark, State of Nevada.

5.      That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X and ROE CORPORATION I through X are unknown to Plaintiff who therefore, sues said Defendants by said fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES and ROE are employees, agents, or other individuals or entities responsible in some manner for the events and happenings referred to, specifically for creating, maintaining and/or allowing a hazardous condition to exist on The Defendant premises, improperly hired, trained, retained, and supervised employees, caused damages proximately to Plaintiff as herein alleged.  Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOES I through X and ROE CORPORATIONS I through X when the same have been ascertained and to join such Defendants in this action. DOES I through X and ROE CORPORATIONS I through X include, but are not limited to, employees, agents, contractors, vendors, and suppliers. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant. Such DOES and ROE CORPORATIONS include, but are not limited to, the predecessors and successors in interest of Defendants, as well any affiliates.

## ALLEGATIONS COMMONS TO ALL CAUSES OF ACTION

6.      ELIAS PROPERTIES OF LAS VEGAS, LLC was and is the record owner of the property, located at 2545 S. Eastern Avenue, Las Vegas, Nevada (the "Premises").

RUIZ LAW FIRM
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
702.850.1717 / 702.850.1716 (fax)

7.    CARDENAS was and is the company renting the property at 2545 S. Eastern Avenue, Las Vegas, NV.

8.    On or about November 3, 2019, Plaintiff was a guest on the Premises and was invited onto the Premises by the Defendant.

9.    While walking in the Premises, Plaintiff slipped on a substance and fell.

10.    Defendant carelessly and negligently created, owned, controlled, inspected, and/or maintained the premises in an unstable and dangerous and hazardous condition by, among other things, permitting a substance to be left on the floor.

11.    As the direct and proximate result of the Defendants' negligence, Plaintiff suffered injuries, all or some of which conditions may be permanent or disabling in nature, and all or some of which have required, or will require, medical treatment.

12.    As the direct and proximate result of the Defendants' negligence, Plaintiff incurred, and will continue to incur, future medical expenses.

13.    As the direct and proximate result of the Defendants' negligence, Plaintiff endured physical and emotional pain and suffering.

14.    As the direct and proximate cause of the Defendants' negligence, Plaintiff has suffered and continues to suffer a significant deterioration in Plaintiff's enjoyment of life.

## FIRST CAUSE OF ACTION

### (Negligence – All Defendants)

15.    Plaintiff repeats and re-alleges every preceding paragraph as if fully set forth herein.

16.    The Defendants owed Plaintiff a duty to maintain the Premises in a reasonably safe condition.

17.    The Defendants owed Plaintiff a duty not to create unreasonable risk of harm to Plaintiff on the Premises.

18.    The Defendants breached this duty by failing to maintain the Premises in safe condition.

19.    The Defendants negligence in its failure to maintain the Premises in a reasonable safe condition was the actual and proximate cause of Plaintiff's injuries.

*RUIZ LAW FIRM*
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
702.850.1717 / 702.850.1716 (fax)

20.     Plaintiff has incurred substantial expenses including, but not limited to, medical expenses as the direct and proximate cause of Plaintiff's injuries.

21.     Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

### SECOND CAUSE OF ACTION

**(Negligent Hiring / Training / Supervision / Retention – As to Cardenas)**

22.     Plaintiff repeats and re-alleges every preceding paragraph as if fully set forth herein.

23.     The Defendants had a duty to exercise ordinary and reasonable care in the screening, training, supervision, and retention of its employees.

24.     The Defendants are required to ensure their employees are qualified and suitable to perform their duties in a manner so as to protect others from unreasonably risk of harm.

25.     The Defendants are required to provide their employees with the necessary supervision and training.

26.     The Defendants breached their duty by failing to adequately screen, hire, train and/or supervise its employees.

27.     The Defendants' negligence in the hiring, training, supervision, and retention of its employees was the actual and proximate cause of Plaintiff's injuries and damages.

28.     Plaintiff has incurred substantial expenses including, but not limited to, medical expenses as the direct and proximate cause of Plaintiff's injuries.

29.     Plaintiff has been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

### THIRD CAUSE OF ACTION

**(Doctrine of Respondeat Superior – As to Cardenas)**

30.     Plaintiff repeats and re-alleges each paragraph as if fully set forth herein.

31.     Based upon information and belief, at all relevant times, DOES I through X were the agents and/or employees of the Defendants.

32.     Does I through X were in the course and scope of their employment with CARDENAS.

*RUIZ LAW FIRM*
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
702.850.1717 / 702.850.1716 (fax)

33.     Does I through X owed Plaintiff a duty not to create unreasonable risk of harm to Plaintiff on the Premises.

34.     Does I through X breached this duty by failing to maintain the Premises in safe condition.

35.     CARDENAS is vicariously liable to Plaintiff for her injuries by virtue of the doctrine of respondeat superior.

36.     As the direct and proximate cause of the Defendants' negligence, Plaintiff suffered damages.

37.     Plaintiff has incurred substantial expenses including, but not limited to, medical expenses as the direct and proximate cause of Plaintiff's injuries.

38.     Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

WHEREFORE, Plaintiff expressly reserving the right to amend her Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demands judgment against the Defendants, and each of them, as follows:

1.     General damages in an amount in excess of $15,000;

2.     Damages for past and future costs of medical care, treatment, and costs;

3.     Damages for loss of earnings and future earnings capacity;

4.     Reasonable attorneys' fees and costs of suit incurred herein;

5.     Pre- and post-judgment interest; and

6.     For such other and further relief as the Court may deem proper in the premises.

DATED this 12 day of October, 2021.

RUIZ LAW FIRM

NICKOLAS GIORGIONE, ESQ.
Nevada Bar No. 14370
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
*Attorney for Plaintiff*

RUIZ LAW FIRM
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
702.850.1717 / 702.850.1716 (fax)